

# Fourth Court of Appeals
## San Antonio, Texas

February 5, 2014

No. 04-13-00744-CR

Arturo **NORIEGA**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR4087
Honorable Dick Alcala, Judge Presiding

# O R D E R

On January 10, 2014, counsel filed a "Motion for Leave to Withdraw as Appellate Counsel Due to a Conflict of Interest and Motion to Abate Appellate Deadline." The appeal concerns a felony murder conviction arising from an underlying intoxication manslaughter offense. Counsel asserts that a conflict arises from the fact that both counsel and the personnel of the Bexar County Medical Examiner's Office and Bexar County Crime Lab are employed by the very same county department: Judicial Services. Counsel further asserts that both the Appellate Public Defender's Office and the Bexar County Medical Examiner's Office/Bexar County Crime Lab are under the "supervision" of the Judicial Services Director. In support of his motion, counsel cites to Rule 1.06 of the Disciplinary Rules. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.06(b), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2013). Rule 1.06 provides:

> [A] lawyer shall not represent a person if the representation of that person:
>
> (1) involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client of the lawyer or the lawyer's firm; or
>
> (2) reasonably appears to be or become adversely limited by the lawyer's or law firm's responsibilities to another client or to a third person or by the lawyer's or law firm's own interests.

Based on the motion presented, counsel has not demonstrated that a conflict exists in this situation. Accordingly, the motion is DENIED.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 5th day of February, 2014.

_____
Keith E. Hottle
Clerk of Court